OPINION OF THE COURT
PER CURIAM.
Vanessa Elkaslasy petitions for review of an order of the Board of Immigration *629 Appeals (“BIA”) dismissing her appeal of an Immigration Judge’s decision denying her motion to reopen her immigration proceedings. We will deny the petition for review.
Elkaslasy is a native and citizen of the United Kingdom. She came to the United States in 1983 as a visitor. In 1990, the Immigration and Naturalization Service issued an Order to Show Cause charging that Elkaslasy was subject to deportation because she stayed in the United States longer than permitted. In 1991, an Immigration Judge found, based on Elkaslasy’s admissions, that she was deportable as charged. Elkaslasy applied for, and was granted, voluntary departure. Elkaslasy waived an appeal of the Immigration Judge’s decision to the BIA. She had planned to attend a visa interview at the American Embassy in London, which was scheduled after her husband, a lawful permanent resident of the United States, filed a visa petition on her behalf. Elkaslasy, however, did not depart, and she and her husband divorced in 1995.
In 2006, U.S. Immigration and Customs Enforcement issued a warrant for Elkasla-sy’s removal or deportation from the United States. Through counsel, Elkaslasy then filed a motion to reopen the proceedings. She asserted that her United States citizen daughter, who had turned 21 years old, could file a visa petition on her behalf. Elkaslasy also argued that her deportation order is void because the Immigration Judge lacked jurisdiction to conduct her deportation proceedings and grant voluntary departure. Elkaslasy explained that she had left the United States after her initial entry and was paroled back into the United States. She maintained that, as a parolee, she should have been placed into exclusion proceedings and that the deportation order is thus a nullity.[1]
The Immigration Judge (“IJ”) rejected Elkaslasy’s argument, noting that she had failed to explain why she had admitted the allegations in the Order to Show Cause and that she did not allege ineffective assistance of counsel. The IJ also ruled that Elkaslasy’s motion was “grossly late.” A.R. at 60. The IJ explained that, under the regulations, Elkaslasy had until September 30, 1996, to file her motion, and that her motion was approximately 10 years late. The IJ further stated that the exceptions to the time limitation did not apply, that there was no exception for an adjustment of status, and that Elkaslasy did not contend that the time limitation should be tolled. Finally, the IJ noted that Elkaslasy had not established that she was prima facie eligible for an adjustment of status. The IJ thus denied the motion to reopen and Elkaslasy’s accompanying motions to terminate the proceedings and stay her removal.
On appeal, the BIA adopted and affirmed the IJ’s decision denying the motion as untimely filed. The BIA was “not persuaded that the Immigration Judge’s 1991 decision ha[d] been shown to be void *630 ‘on its face,’ rather than arguably voidable, particularly considering that the Immigration Judge had jurisdiction over both the subject matter and the parties in the 1991 proceedings.” A.R. at 2. The BIA noted that Elkaslasy did not dispute that she had admitted the factual allegations in the Order to Show Cause, conceded her deporta-bility, and sought voluntary departure, which would not have been available in exclusion proceedings. The BIA also denied Elkaslasy’s request that the BIA use its discretionary authority to reopen the proceedings sua sponte, noting that there was no evidence that a visa petition had been filed on her behalf and that she did not take steps over the last 15 years to raise the issues in her motion until she was served with a notice to appear for deportation. This petition for review followed.
We review the denial of a motion to reopen for abuse of discretion. Fadiga v. Attorney General, 488 F.3d 142, 153 (3d Cir.2007). Under this standard, we will uphold the BIA’s decision unless it is arbitrary, irrational, or contrary to law. Id.
The BIA did not abuse its discretion in adopting and affirming the IJ’s decision denying the motion to reopen as untimely filed. As noted by the BIA and IJ, Elkas-lasy filed her motion approximately ten years after the time period to file a motion to reopen expired. See 8 C.F.R. § 1003.23(b)(1). She did not show that tolling or an exception to the time limitation applies. Elkaslasy has cited no authority — and we have found none — supporting her argument that she may bypass the time requirement for filing a motion to reopen and collaterally challenge her deportation order based on a contention that she should have been placed in exclusion proceedings. Even assuming Elkaslasy is able to challenge the Immigration Judge’s subject matter jurisdiction at this late date, the BIA did not err in concluding that the Immigration Judge had jurisdiction over the subject matter in the 1991 proceedings. See 8 C.F.R. § 3.10 (1991) (reflecting power of immigration judge to conduct exclusion and deportation hearings). To the extent Elkaslasy otherwise seeks review of the deportation order, as noted by the Government, we lack jurisdiction to review the Immigration Judge’s 1991 decision because Elkaslasy did not appeal that decision to the BIA, see 8 U.S.C. § 1252(d)(1), nor did she file a timely petition for review with respect to that decision. See Stone v. I.N.S., 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).
Accordingly, we will deny the petition for review.[2]

. Elkaslasy submitted evidence that she was paroled into the United States after a trip to St. Maarten. A.R. at 75, 79-80. A person paroled into the United States before the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) normally was placed into exclusion rather than deportation proceedings. Dimen-ski v. INS, 275 F.3d 574, 576 (7th Cir.2001); see also Leng May Ma v. Barber, 357 U.S. 185, 187, 78 S.Ct. 1072, 2 L.Ed.2d 1246 (1958) (noting distinction between exclusion and deportation proceedings). An alien in deportation proceedings, however, was entitled to procedural protections and substantive rights not available in exclusion proceedings, including voluntary departure. Ramirez-Dura-zo v. I.N.S., 794 F.2d 491, 496 (9th Cir.1986). IIRIRA eliminated distinctions between deportation and exclusion proceedings. DeSou-sa v. Reno, 190 F.3d 175, 179 n. 3 (3d Cir. 1999).

. The Government’s motion for summary af-firmance of the BIA’s decision is denied.